## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE:<br><br>EARLISHA ANQUENETTA JOHNSON<br>SSAN: XXX-XX-0138<br><br><br><br>Debtor(s) | Case No. 16-31260-DHW<br>Chapter 13 |

### TRUSTEE'S OBJECTION TO CONFIRMATION

COMES NOW, the Trustee, by and through the undersigned counsel, and pursuant to 11 U.S.C. §1325 objects to confirmation of the debtor(s)' plan as filed. As grounds for said objection, the Trustee states as follows:

1. The debtor(s) filed a petition seeking relief under Chapter 13 of the United States Bankruptcy Code on May 17, 2016.

2. The debtor(s) §341 Meeting of Creditors was held June 30, 2016.

(**X**) The plan fails to meet the disposable income test. Please review this case and amend the plan to meet the disposable income test as discussed at the 341.

(**X**) The debtor has not provided the Trustee with the documents requested at the 341 hearing.

(**X**) The following creditor was not listed in the debtor's schedules but filed their claim as priority or secured. The debtor's plan fails to make provisions for this claim:

        Creditor: STATE OF ALABAMA
        Trustee's Claim Number: 18
        Account Number: 0136-2008 TAX-NO PROV
        Claim Amount: $512.00
        Court Claim Number: 5
        Claim Filed As: SECURED

(**X**) The debtor's plan makes provision to pay the State of Alabama as a prioirty creditor, but the State has also filed a secured claim for which the plan makes no provisions..

(**X**) The debtor tesified at the 341 that the Mustang financed with Title Bucks has not been running for over 1 and 1/2 years. It is the Trustee's contention that it is neither reasonable nor necessary for the debtor to maintain this vehicle and pay for it through the plan when the debtor has not used it in over a year. This is additional money which could be paid for the benefit of unsecured creditors as this is a POT plan of $1,450.00 which will only pay approximately 1.44% for their benefit. .

**(X)** The Trustee requested the debtor provide two months of pay advices as the income listed on Schedule I and Form 122C appear to have discrepancies which could not be explained by either the debtor or her counsel at the 341.

  WHEREFORE, the above premises considered, Trustee objects to confirmation of the debtors' plan and requests that either confirmation be denied or the case be continued until such time as the above referenced issues have been resolved.

Respectfully submitted this July 25, 2016.

| | |
|---|---|
| Office of the Chapter 13 Trustee<br>P. O. Box 173<br>Montgomery, AL  36101-0173<br>Phone: (334)262-8371<br>Fax: (334)262-8599<br>email: mckinneys@ch13mdal.com | Curtis C. Reding<br>Chapter 13 Trustee<br><br><br>By:/s/ *Sabrina L. McKinney*<br>Sabrina L. McKinney |

### CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that I have served copies of the foregoing Trustee's Objection to Confirmation on the parties listed below by either electronic mail or by placing same in the U.S. Mail, postage prepaid and properly addressed this  July 25, 2016.

Copy to: DEBTOR(S)
         JOSHUA C MILAM

/s/ *Sabrina L. McKinney*
Sabrina L. McKinney